
CASE NO. 25-20261

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

_____

VENISHA ARNOLD, Plaintiff-Appellant

VERSUS

1600 WEST LOOP SOUTH LLC, et al Defendant-Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

NO. 4:25-CV-01337

_____

**PETITION FOR REHEARING *EN BANC* FOR PLAINTIFF-APPELLANT**

**VENISHA ARNOLD**

_____

Venisha Arnold, Pro Se

Houston, Texas 77056

Telephone: (713) 836-8200

APPEAL COUNSEL FOR PLAINTIFF/APPELLANT

1

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel certifies that the persons having an interest in the outcome of this case are:

1. Venisha Arnold, Plaintiff-Appellant
2. 1600 West Loop South LLC, Defendant-Appellee
3. Joshua Barry, Defendant-Appellee

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

  /s/ Venisha Arnold

Venisha Arnold, Pro Se

# RULE 35(b)(1) STATEMENT

In my professional judgment, the questions presented by this petition satisfy the criteria of Federal Rule of Appellate Procedure 35(b)(1). The panel decision conflicts with prior rulings in the Fifth Circuit in *Woodlawn v Ciba* and *Mesquite Asset Recovery Group, L.L.C.* v. *City of Mesquite.* While this is a path rarely used, the plaintiff-appellant believes that the issues presented require the full Circuit's attention. Consideration by the full Court is therefore necessary to secure and maintain uniformity of the Court's decisions.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES…..2

RULE 35(b)(1) STATEMENT………3

TABLE OF CONTENTS ……4

ISSUES MERITING EN BANC CONSIDERATION………7

COURSE OF PROCEEDINGS AND DISPOSITION .............................7

I. District Court ruling .....................................................................7

II. Panel decision ................................................................................8

STATEMENT OF FACTS………8

ARGUMENT AND AUTHORITIES …….10

I. This court should grant the petition for rehearing *en banc* because the panel erred by not remanding the state law portion of the plaintiff-appellant's claim to state court since the panel deemed defendant-appellee 1600 W Loop South LLC and defendant-appellee Joshua Barry are not state actors under 42 U.S.C. 1983 thus there is no federal claim, which means there is a lack of subject matter jurisdiction and the panel erred by not remanding the state law portions of the plaintiff-appellant's claim to state court………11

II. Whether defendant-appellee Joshua Barry and defendant-appellee 1600 West Loop South LLC are state actors and whether defendant Joshua Barry conducted himself as a state actor under 42 USC 1983………12

CONCLUSION ...................................................................14

CERTIFICATE OF SERVICE ..............................................15

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ........................ 16

# TABLE OF AUTHORITIES

**Cases**

*Mesquite Asset Recovery Group, L.L.C.* v. *City of Mesquite……..*12

*Woodlawn v Ciba……………12*

*Morris v Dillard Department Stores*………..13

**Statutes**

Texas Malicious Prosecution Statute………..11

42 U.S.C. 1983…………..13

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(1)……………..12

Federal Rules of Appellate Procedure 35(b)(1)…………….3

Federal Rules of Appellate Procedure 35(a)(2)…………..10

Federal Rules of Appellate Procedure 40………………10

## ISSUES MERITING EN BANC CONSIDERATION

1. This court should grant the petition for rehearing *en banc* because the panel erred by not remanding the state law portion of the plaintiff-appellant's claim to state court since the panel deemed defendant-appellee 1600 W Loop South LLC and defendant-appellee Joshua Barry are not state actors under 42 U.S.C. 1983 there is no federal claim, which means there is a lack of subject matter jurisdiction and the panel erred by not remanding the state law portions of the plaintiff-appellant's claim to state court.

2. Whether defendant-appellees Joshua Barry and 1600 West Loop South LLC are state actors and whether defendant Joshua Barry conducted himself as a state actor under 42 USC 1983?


## COURSE OF PROCEEDINGS AND DISPOSITION

### I. District Court Ruling

On June 25, 2025 trial court dismissed defendants Kevin Malonson, Chris Horan and Robert Malonson without prejudice. In a prior ruling on June 11, 2025 defendants 1600 West Loop South LLC and Joshua Barry were dismissed for unknown reasons with prejudice.

## II. Panel decision

The panel's opinion affirmed the district court's ruling. The panel's opinion was largely indecipherable so the plaintiff-appellant is not sure why the panel decided the way they did. The plaintiff-appellant cannot determine if the panel actually reviewed the trial record, the plaintiff's original complaint, amended complaint or any of the plaintiff-appellant's briefs or motions. Also the plaintiff-appellant was not able to determine if the panel actually wrote their own "opinion." or if the defendants lawyers wrote the panel's opinion.

## STATEMENT OF FACTS

This case is about young attorney Venisha Arnold who has no criminal record and was falsely accused of the absurd accusation of impersonating a prosecutor, falsely arrested, maliciously prosecuted and defamed by her character and career being attacked on television for millions to see because the security director at the Post Oak Hotel thought she was "harassing" the mistress/relative of the hotel owner. The plaintiff-appellant does not know the hotel owner or his relative/mistress. The influence of the hotel owner Tilman Fertitta and the now fired Harris County District Attorney Kim Ogg who was known for her corruption[1] led to the plaintiff-appellant being falsely arrested, maliciously prosecuted and defamed. There were material warrant omissions and other police misconduct that led to the plaintiff-appellant's false accusation. If this case is ultimately remanded the plaintiff-appellant will submit her grand jury packet and evidence of the warrant

---

[1] https://houstonwatch.substack.com/p/crime-stoppers-caught-seeking-special
https://houstonwatch.substack.com/p/meet-the-strip-club-owner-fueling
https://houstonwatch.substack.com/p/resignation-letters-reveal-a-district
https://houstonwatch.substack.com/p/kim-oggs-terrible-horrible-no-good

omissions to the trial court. As a pro se litigant/formerly accused the plaintiff has had issues with getting this evidence.

On March 30, 2023, the plaintiff, Attorney Venisha Arnold who has no criminal record, was falsely arrested and falsely accused of impersonating a prosecutor by the Public Corruption Division in Harris County by Former Corrupt District Attorney Kim Ogg's office and the out-of-jurisdiction Harris County Precinct One Constables Office in conjunction with the Post Oak Hotel, when she went to the hotel seeking clarification with management regarding "harassment" of individuals she does not know that are affiliated with the hotel **after** she was contacted by defendant Kevin Malonson at Harris County Precinct One Constables Office. On April 3, 2023, KPRC-TV in Houston, Texas ran a defamatory news story about the plaintiff's dismissed false accusation. The plaintiff-appellant, a private individual with no criminal record was defamed on KPRC which reaches 5+ million viewers in Houston, (the plaintiff is from Houston) the plaintiff released a statement via social media regarding her false accusation. See Document 36-3 in the trial record. The plaintiff, a Houston native is a Washington DC Attorney who was in the middle of her application for admission to the Texas Bar when her false accusation began. The Plaintiff has no criminal record, the plaintiff is Black which means the plaintiff has:

-No Racist Privilege in society

-No Racist Protection in society

The plaintiff has vehemently contended on social media that her false accusation of impersonation was regarding, a false accusation of "harassment" disguised as the false accusation of felony impersonation. Someone was allegedly "harassing" the hotel owner's mistress/relative with text messages. See Document 36-3 in the trial

record[2].  The plaintiff-appellant's false accusation was a misdemeanor disguised as a felony by malicious individuals intending to cause the plaintiff career and reputational harm by falsely accusing the plaintiff, a Black woman attorney and defaming her on television. The "harassment" charge revolved around white people the plaintiff does not know and white people the plaintiff has never met and these are people the plaintiff has **never** contacted. The "harassment" was based on unreliable "evidence" from a non-human third party. The plaintiff's false accusation was dismissed due to insufficient evidence of her guilt almost two years later in January 2025. The plaintiff filed suit for claims under state and federal law. It should be noted all "witnesses" used in the plaintiff's false accusation were employees of the hotel owner thus no real probable cause. Also the hotel never produced a video of the alleged offense and the hotel security director defendant-appellee Joshua Barry who initiated the plaintiff-appellant's false accusation was never orally dismissed from the litigation. See the Transcript for the hearing on June 11, 2025 Page 50 Line 5-Line 10 in the trial court record[3]. Also **the panel flat out lied** regarding the plaintiff-appellant's timely filing of her amended pleading after the June 2025 hearing. The hearing was on June 11, 2025, the court requested an amended complaint with a deadline of ten days, the plaintiff filed her timely amended complaint on June 12, 2025.  See Document 38[4] in the trial record filed June 12, 2025.

## ARGUMENT AND AUTHORITIES

This Court should grant this petition and re-hear the case en banc.  The petitioner motions the United States Court of Appeals for the Fifth Circuit for a re-hearing en

[2] ROA.36-3
[3] June 11, 2025 Page 50 Line 5-Line 10 in the trial court record
[4] ROA.38

banc. The plaintiff-appellant is asking for a re-hearing en banc because there are significant errors in the panel's decision. In short, the panel's opinion is flawed. The panel appeared to not understand what the plaintiff-appellant's case is about based on their opinion. The issues requiring the full Court's resolution concern 42 U.S.C. 1983, Federal Rules of Civil Procedure 12(b)(1) and the Texas malicious prosecution statute. Review by the full Court is "necessary to secure or maintain uniformity of the Court's decisions." Fed. R. App. P. 35(a)(1). The question is also one of "exceptional importance." Fed. R. App. P. 35(a)(2).

I. **This court should grant the petition for rehearing *en banc* because the panel erred by not remanding the plaintiff-appellant's claim for lack of subject matter jurisdiction regarding the plaintiff-appellant's Malicious Prosecution State Claim.**

As the panel and defendant-appellee Joshua Barry and defendant-appellee 1600 West Loop South LLC all agreed, the plaintiff-appellant's case began in state court before defendants removed the plaintiff's claim to federal court. The plaintiff-appellant's claims include state[5] and federal claims. The defendants-appellees Joshua Barry and 1600 West Loop South LLC keep trying to make the claim that they are not state actors. The panel deemed defendants-appellees are private actors. Thus there is no federal claim and this portion of the plaintiff-appellant's claims should have been remanded to state court. The court must review this en banc because this matter is of exceptional

---

[5] ROA.6-30: Amended Complaint Document 6 Page 30 The Plaintiff-Appellant's claim for malicious prosecution under Texas law

importance.  Fed. R. App. P. 35(a)(2) and is "necessary to secure or maintain uniformity of the Court's decisions." Fed. R. App. P. 35(a)(1).

The plaintiff-appellant asserted two claims for malicious prosecution against defendants-appellees, one under state law and the other under federal law 42 U.S.C.1983 and a state law claim for defamation. The panel agreed with defendants that they are not state actors under 42 U.S.C. 1983 thus when the panel affirmed the district court's ruling the panel erred by not remanding the case back to state court because there is no subject matter jurisdiction also the case was originally filed in state court.

The Fifth Circuit in *Woodlawn v. Ciba*, affirmed a district court's remand of a case to state court after the federal claims were eliminated, leaving only state-law negligence claims.

The Fifth Circuit also ruled in *Mesquite Asset Recovery Group, L.L.C.* v. *City of Mesquite,* the district court dismissed the takings claim and **remanded** the plaintiffs' state-law claims to state court, reasoning that the plaintiffs had not "sufficiently alleged that the City acted in its sovereign, rather than its commercial, capacity."

Also, The Federal Rules of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of a federal court to hear a case and this can be raised at any time.

Here, the panel decided the plaintiff-appellant did not prove defendant Joshua Barry and defendant 1600 West Loop South LLC are state actors under 42 U.S.C. 1983 thus the only remaining claims are the state law claims for malicious prosecution and defamation, thus there is a lack of subject matter jurisdiction therefore the panel erred by not remanding the plaintiff-appellant's claim back to state court where subject matter jurisdiction is proper.

The court must review this issue en banc because it is "necessary to secure or maintain uniformity of the Court's decisions." Fed. R. App. P. 35(a)(1) and the question is also one of "exceptional importance." Fed. R. App. P. 35(a)(2).

If this issue is denied it is likely the US Supreme Court will review this matter and reverse.


**II. This court should grant the petition for rehearing *en banc* based on the fact that the panel's opinion regarding defendant Joshua Barry and defendant 1600 West Loop South LLC is flawed and wrong regarding their status as state actors and whether defendant Joshua Barry conducted himself as a state actor under 42 U.S.C. 1983.**

The panel gave a short brief flawed sentence regarding the liability of defendant Joshua Barry. Per the evidence from the Harris County District Attorney's Office under fired District Attorney Kim Ogg, defendant Joshua Barry is and was the security director of the Post Oak Hotel at the time the plaintiff-appellant's false accusation began. Defendant-appellee Joshua Barry is also a reserve constable for Harris County Precinct One Constables Office. Per the evidence from the District Attorney the petitioner's false accusation started with defendant-appellee Joshua Barry, the hotel security director again per the evidence from the District Attorney's office.

The bulk of the cases defendants-appellees rely on regarding the plaintiff's 42 U.S.C. 1983 claims involve private individuals. Joshua Barry is not a private individual he is a state actor, he is a reserve constable for Harris County Precinct One who was acting under the color of law and the Security Director of the Post Oak Hotel he played the main role in the plaintiff's false accusation, this is factual

evidence on file at Harris County District Attorney's Office. Joshua Barry's misconduct can be deemed as acting under the color of law in a 1983 claim because why did Tilman Fertitta's relative Lauren Ware go to defendant Joshua Barry instead of calling the police? The answer is because Joshua Barry is a cop, he is a reserve constable, the panel errenously ignored this fact.

For example the defendants-appellees cite to *Morris v Dillard Department Stores* the *Morris* case fails because defendant Joshua Barry is **not** a private security guard, Joshua Barry is **not** a part-time worker, Joshua Barry is the security director for the Post Oak Hotel **again the evidence from Harris County District Attorney's Office proves this.** Therefore defendant-appellee Joshua Barry and his employer defendant-appellee 1600 West Loop South LLC are liable to the plaintiff-appellant.

The court must review this issue en banc because it is "necessary to secure or maintain uniformity of the Court's decisions." Fed. R. App. P. 35(a)(1). If this issue is denied it is likely the US Supreme Court will review this matter and reverse.

**CONCLUSION**

Based on the foregoing reasons, the plaintiff-appellant respectfully requests that this Court grant re-hearing en banc and settle these very important questions of federal law.

Respectfully submitted,

Venisha Arnold

/s/ Venisha Arnold

Pro Se Plaintiff-Appellant

1707 Post Oak Blvd #640

Houston, Texas 77056

713-836-8200

venishaarnold@protonmail.com

**CERTIFICATE OF SERVICE**

I, Venisha Arnold, certify that today, November 2, 2025  I electronically filed the Petition for Rehearing En Banc for Appellant with the United States Court of Appeals for the Fifth Circuit by using the pro se email. I further certify that a copy of the Petition for Rehearing En Banc for Appellant was delivered via email to:

 Pro_se@ca5.uscourts.gov

amilton@azalaw.com

hgreene@azalaw.com


 /s/Venisha Arnold

Pro Se Plaintiff-Appellant

**CERTIFICATE OF COMPLIANCE WITH RULE 32(A)**

Certificate of Compliance with Type-Volume Limitations, Typeface Requirements, and Type Style Recommendations 1. This petition complies with the type-volume limitation of Fed. R. App. P. 35(b)(2) because the entire brief contains 2652 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in Times New Roman font, a proportionally spaced typeface using Microsoft Word, in fourteen point font size.

/s/ Venisha Arnold

Pro Se Plaintiff-Appellant

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2025

Lyle W. Cayce
Clerk

No. 25-20261
Summary Calendar

———————

Venisha Arnold,

*Plaintiff—Appellant*,

*versus*

1600 West Loop South, L.L.C., *doing business as* The Post Oak at Uptown Houston; Joshua Barry; Kevin Malonson; Chris Horan; Robert Malonson,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-1337

———————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Venisha Arnold, a lawyer appearing pro se, sued multiple corporate entities and individuals under 42 U.S.C. §§ 1981, 1983 and state law after her arrest for allegedly impersonating a district attorney. The district court entered a final judgment after dismissing some of Arnold's

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20261

claims with prejudice under federal Rule 12(b)(6) and others without prejudice under federal Rule 4(m).[1] We AFFIRM.

Arnold's operative complaint is largely indecipherable and, even after several readings, the core facts underlying her claims and each Defendant's alleged role in the case remain murky. From what we can discern, Arnold alleges a conspiracy among Joshua Barry, Kevin and Robert Malonson, Chris Horan, 1600 West Loop South LLC, Landry's LLC, and Hospitality Headquarters, Inc. to wrongfully arrest Arnold at the behest of a nonparty billionaire after an unidentified person harassed the billionaire's mistress. Arnold brings state-law claims of defamation and malicious prosecution, a claim under 42 U.S.C. § 1981, and a claim under 42 U.S.C. § 1983 for malicious prosecution and false arrest.

Arnold originally filed suit in state court. Defendants Joshua Barry, 1600 West Loop South, LLC, Landry's LLC, and Hospitality Headquarters, Inc. removed the case to federal court. These defendants then moved to dismiss under Rule 12(b)(6), arguing none of them is a state actor, the complaint does not plausibly plead a § 1981 contract or the elements of a malicious-prosecution claim under state law, and the governing statute of limitations bars Arnold's defamation claim. The district court held a telephonic hearing where it asked Arnold specific questions about her allegations and allowed her to attempt to explain them at length. But Arnold was unable to provide clarity, leading the district court to express its confusion more than once. At the hearing's conclusion, the court granted the Rule 12(b)(6) motion and gave Arnold ten days to replead "against the main defendants." Arnold did not replead. Once that deadline passed, the court invoked Rule 4(m) to dismiss without prejudice the claims against

---

[1] *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 12(b)(6).

No. 25-20261

Defendants Kevin Malonson, Chris Horan, and Robert Malonson because Arnold had never served them with process. The court entered its Final Judgment on June 25, 2025, and Arnold appealed. Our review of the Rule 12(b)(6) dismissal is de novo.[2] Our review of the Rule 4(m) dismissal is for abuse of discretion.[3]

We first address the district court's Rule 12(b)(6) dismissal. The removing defendants argued Arnold's defamation claim was time-barred and that the complaint otherwise lacked plausible allegations requisite to state a viable claim. Arnold does not seriously engage any of these arguments on appeal, and her briefs, much like her pleadings in the district court, are rambling and inscrutable. For example, her opening brief's 26-page argument about the claims dismissed under Rule 12 includes just four superficial citations to caselaw untethered to any argument the removing defendants advanced. Neither the opening nor reply brief coherently explains how the removing defendants—three non-public entities and an employee of one of them—qualify as state actors for purposes of § 1983.[4] Neither identifies the "loss of an actual, not speculative or prospective, contract interest" on

---

[2] *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (stating standard of review for dismissal under Rule 12(b)(6)). Arnold does not assign error to the district court's Rule 12(b)(6) dismissal of Landry's LLC or Hospitality Headquarters, Inc., which constitutes waiver of the claims against those defendants. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").

[3] *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996) (stating standard of review for "dismissal for failure to effect timely service of process").

[4] *See Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994) ("To state a cause of action under § 1983, Appellant must allege that some person, acting under state or territorial law, has deprived him of a federal right.").

No. 25-20261

account of Arnold's race, as required to state a § 1981 claim.[5] And neither disputes that the defamation claim is time-barred, except to say the statute of limitations "is irrelevant." Taken as a whole, the briefs do not "provide meaningful analyses for each issue" and do not "present more than conclusory allusions as to [Arnold's] arguments."[6] We thus AFFIRM the district court's Rule 12(b)(6) dismissal of Arnold's claims against the removing defendants.

We further find the district court properly exercised its discretion when it dismissed without prejudice Arnold's claims against Defendants Kevin Malonson, Chris Horan, and Robert Malonson. On appeal, Arnold contends she served these individuals in accordance with federal Rule 5 before removal, while suit was pending in state court. But Rule 5 speaks to service of papers *after* service of a complaint and summons. It is Rule 4 that governs initial service of process, and that rule imposes a 90-day period within which such service must occur. When the 90-day deadline expires without service being effected, a court has two options: it must either "dismiss the action without prejudice . . . or order that service be made within a specified time."[7] That the district court chose the former in this case was not an abuse of discretion, especially since Arnold—herself an attorney—

---

[5] *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).

[6] *Kelley v. Alpine Site Servs., Inc.*, 110 F.4th 812, 817 (5th Cir. 2024); *see also Willis v. Cleco Corp.*, 749 F.3d 314, 318 n.3 (5th Cir. 2014) (disregarding an argument "giv[ing] scant, if not conclusory attention to the record: citations are minimal, and legal analysis relating facts to the law is largely absent").

[7] Fed. R. Civ. P. 4(m).

No. 25-20261

knows or should know how to properly serve a defendant under the federal rules and when it's necessary to seek additional time from the court to do so.[8]

Finally, Arnold has twice moved this court to judicially notice that she successfully served Defendants Kevin Malonson, Chris Horan, and Robert Malonson after her case was dismissed. But post-dismissal service is the same as no service at all.[9] Her motions for judicial notice (R. Doc. 8, 22) are thus DENIED and the district court's Final Judgment dated June 25, 2025 is AFFIRMED.

---

[8] *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (declining to give a pro se litigant the "liberal construction of his complaint normally given [to] pro se litigants" because he was a licensed attorney).

[9] *See, e.g., Del Marcelle v. Dep't of Treasury*, 77 F.3d 484 (Table), at *4 (7th Cir. 1996) (unpub.) ("[S]ervice of process after the case had already been dismissed would be moot.").

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 29, 2025

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding:  Fifth Circuit Statement on Petitions for Rehearing
or Rehearing En Banc

No. 25-20261  Arnold v. 1600 West Loop South
USDC No. 4:25-CV-1337

Enclosed is a copy of the court's decision.  The court has entered
judgment under Fed. R. App. P. 36.  (However, the opinion may yet
contain typographical or printing errors which are subject to
correction.)

Fed. R. App. P. 39 through 41, and Fed. R. App. P. 39, 40, and 41
govern costs, rehearings, and mandates.  **Fed. R. App. P. 40 require
you to attach to your petition for panel rehearing or rehearing en
banc an unmarked copy of the court's opinion or order.**  Please
read carefully the Internal Operating Procedures (IOP's) following
Fed. R. App. P. 40 for a discussion of when a rehearing may be
appropriate, the legal standards applied and sanctions which may
be imposed if you make a nonmeritorious petition for rehearing en
banc.

Direct Criminal Appeals.  Fed. R. App. P. 41 provides that a motion
for a stay of mandate under Fed. R. App. P. 41 will not be granted
simply upon request.  The petition must set forth good cause for
a stay or clearly demonstrate that a substantial question will be
presented to the Supreme Court.  Otherwise, this court may deny
the motion and issue the mandate immediately.

Pro Se Cases.  If you were unsuccessful in the district court
and/or on appeal, and are considering filing a petition for
certiorari in the United States Supreme Court, you do not need to
file a motion for stay of mandate under Fed. R. App. P. 41.  The
issuance of the mandate does not affect the time, or your right,
to file with the Supreme Court.

Court Appointed Counsel.  Court appointed counsel is responsible
for filing petition(s) for rehearing(s) (panel and/or en banc) and
writ(s) of certiorari to the U.S. Supreme Court, unless relieved
of your obligation by court order.  If it is your intention to
file a motion to withdraw as counsel, you should notify your client
promptly, **and advise them of the time limits for filing for
rehearing and certiorari**.  Additionally, you MUST confirm that
this information was given to your client, within the body of your
motion to withdraw as counsel.

The judgment entered provides that Appellant pay to Appellees the costs on appeal.  A bill of cost form is available on the court's website www.ca5.uscourts.gov.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Rebecca Andry, Deputy Clerk

Enclosure(s)

Ms. Venisha D. Arnold
Ms. Hilary Samantha Greene
Mr. Antonio Xavier Milton